United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>v.<br><br>UPS FREIGHT, INC.,<br><br>Defendant. | Case No. 16-cv-04785-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>[Re: ECF 34] |

Plaintiff National Fire Insurance Company of Hartford ("National Fire") brings this action for cargo damage against Defendant UPS Ground Freight, Inc. ("UPS Freight") under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. First Am. Compl. ("FAC"), ECF 13. National Fire alleges that on or about August 5, 2014, in Bear, Delaware, UPS Freight received a consignment of video equipment (the "cargo"), in good order and condition, from Campus Televideo, the owner and shipper of the cargo. *Id.* ¶¶ 5, 7. National Fire insured Campus Televideo for the cargo's loss or. *Id.* ¶ 6. National Fire claims that UPS Freight issued a clean, straight bill of lading (No. 747422371), and thereby undertook to transport the cargo by truck from Bear, Delaware to Seaside, California, and to deliver the cargo there in the same good order and condition as when received. *Id.* ¶ 8. Plaintiff further alleges that on or about August 11, 2014, UPS Freight delivered the cargo in Seaside, California in a "severely damaged condition," which caused Campus Televideo to suffer a constructive total loss in the amount of $64,832.97. *Id.* ¶¶ 9, 10. Pursuant to the insurance policy, National Fire indemnified Campus Televideo for its loss and now seeks to recover its loss from UPS Freight by subrogation and assignment. *Id.* ¶ 11.

Presently before the Court is UPS Freight's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Mot., ECF 34. Defendant asks the Court to transfer the action from this district to the

District of Delaware. *Id.* at 1. The Court finds this matter suitable for resolution without oral argument and thus VACATES the hearing scheduled for this motion. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the Court GRANTS Defendant's motion to transfer this action.

I. **LEGAL STANDARD**

A court may transfer an action to another district: (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a). To determine if a transfer of venue is appropriate under § 1404(a), courts apply a two-part test. *Ctr. For Biological Diversity v. McCarthy*, No. 14-cv-5138, 2015 WL 1535594, at *1 (N.D. Cal. Apr. 6, 2015) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409 (9th Cir. 1985)). First, courts consider whether the case could have been brought in the proposed transferee district. *Id.* Second, if the case could have been brought in the transferee district, courts determine if the case should be moved to that forum "for convenience of parties and witnesses [and] in the interest of justice." *McCarthy*, 2015 WL 1535594, at *1; 28 U.S.C. § 1404(a). As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), a court may also consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498.

"No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-1339, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) (citation omitted). The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for the defendant to merely show that it prefers another forum, and transfer will not be allowed if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

2

## II. DISCUSSION

Defendant asks the Court to transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the transfer.

As a preliminary matter, National Fire suggests that UPS Freight's motion should be denied as untimely. *See* Opp'n 2 ("Now, over 9 months after this action was initiated, UPS has moved to transfer the case to the District of Delaware."). However, "[s]ection 1404(a) sets no limit on the time when a motion to transfer may be made." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 (4th ed. 2017). Thus, courts have found that an action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered. *Id.* Defendant has also provided an adequate explanation for any delay in filing this motion—it contends that it could not have known that Delaware was a more convenient venue until Plaintiff served its discovery responses in December 2016, four months before Defendant filed the instant motion. Reply 4, ECF 37. "[T]he Ninth Circuit has never held that a five month delay necessitates the denial of a motion to transfer," and the Court declines to find otherwise here, particularly where Plaintiff does not claim that it would be prejudiced by the transfer. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1168 (S.D. Cal. 2005).

Accordingly, the Court now determines whether venue would be proper in the District of Delaware, assesses the convenience factors as dictated by section 1404(a), and determines whether it would be in the interest of justice to transfer the action.

### A. Venue Would Be Proper in the District of Delaware

Applying the first prong of the § 1404(a) inquiry, this action could have been brought in the District of Delaware.

The Carmack Amendment has a special venue provision, § 14706(d), that expressly governs any action brought under it. 49 U.S.C. § 14706(d); *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011). It provides that, when suing the delivering carrier, "[a] civil action . . . may be brought . . . in a district court of the United States . . . in a judicial district . . . through which the defendant carrier operates." 49 U.S.C. § 14706(d)(1). Or, when suing the carrier alleged to have caused the damage, "[a] civil action . . . may be brought . . . in the judicial

district in which such loss or damage is alleged to have occurred." *Id.* § 14706(d)(2). "[I]n light of the legislative history of the Carmack Amendment . . . the right of the shipper to sue the carrier in a convenient forum of the shipper's choice is a right that Congress intended to codify." *Aaacon Auto Transp., Inc. v. State Farm Mut. Auto. Ins. Co.*, 537 F.2d 648, 654 (2d Cir. 1976). Here, the shipper is located in Delaware, and there is no indication that Congress was concerned about the convenience of an insurance carrier.

The allegations here indicate that UPS Freight was both the delivering carrier and the carrier alleged to have caused the damage, and thus, to the extent either section 14706(d)(1) or 14706(d)(2) allow for the suit to be brought in Delaware, venue would be proper there. National Fire suggests, however, that the Court should analyze venue pursuant to section 14706(d)(2) alone. Opp'n 3. Accordingly, it argues that because UPS Freight has admitted that the "freight must have sustained damage while in transit from Salt Lake City to [San Leandro, California]," venue is proper in this district, the District of Utah, or some judicial district in between. *Id.* (citing and quoting Ex. A to Fant Decl., ECF 36-1).

In reply,[1] UPS Freight asserts that because it operates through Delaware, as evidenced by the fact that the shipment originated in Delaware venue would be proper in the District of Delaware pursuant to section 14076(d)(1). Reply 2. Defendant further contends that because National Fire has not established where the alleged damage occurred, venue would be proper in Delaware or any of the other districts through which the cargo was transported. *Id.* at 3.

The Court is not persuaded that section 14706(d)(1) does not apply given the definitions in section 14706(a), and National Fire provides no authority to the contrary. Accordingly, the Court agrees with UPS Freight, and concludes that venue would be proper in the District of Delaware because UPS Freight operates through Delaware.

**B. Convenience Factors**

The Court now assesses the convenience factors with respect to this district and the District of Delaware.

---

[1] UPS Freight does not address the Carmack Amendment's venue provision in its motion.

4

### i. Location Where the Relevant Agreement Was Negotiated and Executed

Neither party addresses this issue. Accordingly, the Court finds this factor to be neutral.

### ii. The State Most Familiar with the Governing Law

Because this case is governed exclusively by federal law, any federal court could comprehend and correctly apply the applicable law. *See also* Mot. 8. Accordingly, the Court finds this factor neutral as to transfer.

### iii. Plaintiff's Choice of Forum

The importance of Plaintiff's choice of forum depends on the degree of deference to which it is entitled. Typically, "substantial deference" is given to the plaintiff's choice of forum. *McCarthy*, 2015 WL 1535594, at *3. Under that standard, defendants bear the burden of "mak[ing] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This is especially true where the plaintiff has chosen to bring suit at home. *Ctr. for Biological Diversity v. Lubchenco*, No. C-09-4087, 2009 WL 454169, at *4 (N.D. Cal. Nov. 30, 2009). On the other hand, where "the operative facts have not occurred within the forum of original selection *and* that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) (emphasis added); *see also Lubchenco*, 2009 WL 454169, at *4 (denying transfer and noting that the usual deference to plaintiff's choice of forum will not be discounted unless both conditions are fulfilled).

UPS Freight argues that National Fire's choice of forum should not receive substantial deference because its interests are tied to the insured, Campus Televideo, which is a Delaware company. Mot. 5. National Fire does not address this factor.

The only connection between this district and the circumstances at issue in this case is that the cargo was found to be damaged in the district. *See* Opp'n 3; Ex. A to Fant Decl. Nevertheless, neither party knows exactly where the damage occurred. Moreover, this district has no particular interest in the parties or the subject matter. As UPS Freight points out, National Fire's insured is in Delaware; National Fire has not asserted that it is limited to writing policies in

California; and the insurance policy that covered the cargo covered goods packed in Delaware, loaded in Delaware, and transported from Delaware. Mot. 5–6. UPS Freight also contends that this district has no particular interest in the parties or the subject matter because all of the facts, interest, records, relevant witnesses, and the cargo itself are in Delaware. *Id.* at 8. The Court finds UPS Freight's arguments persuasive. Therefore, the Court will not accord National Fire's choice of forum significant weight.

### iv. Respective Parties' Contacts with the Forum

UPS Freight contends that National Fire's contacts with the forum are minimal. Specifically, UPS Freight asserts that National Fire's only contact with California is the fact that its counsel is located in California. Mot. 6. UPS Freight also states that it is permitted to, and does, transport freight across the lower 48 States. *Id.* By contrast, UPS Freight emphasizes that in this litigation, National Fire stands in the shoes of its insured, which is located in Delaware. According to Defendant, this makes Plaintiff's connection to the District of Delaware significant. *Id.* Moreover, UPS Freight states that it has a substantial presence and an agent for service of process in Delaware. *Id.* National Fire does not address this factor in its papers. Accordingly, the Court finds that this factor weighs in favor of transfer.

### v. Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum

UPS Freight argues that the connection between National Fire's cause of action and this forum is insignificant. *Id.* at 5. In particular, UPS Freight notes that the insured is located in Delaware; National Fire has not asserted that it is limited to writing policies in California; and National Fire insured goods packed in Delaware, loaded in Delaware, and transported to Delaware. *Id.* National Fire does not address this factor in its papers. The Court finds UPS Freight's arguments persuasive, and thus finds that this factor weighs in favor of transfer.

### vi. Differences in Costs of Litigation

In this case, UPS Freight argues that the cost of litigating in the District of Delaware would be lower than litigating in this district. Reply 5. Specifically, it contends that unless the case is transferred to Delaware, the parties will encounter "unjustifiable" costs to transport multiple fact witnesses from Delaware to California. *Id.* In Plaintiff's answer to Defendant's interrogatories,

6

National Fire identifies fourteen witnesses. Ex. A to Martin Decl. ("Pl.'s Ans. to Interrog.") at 6, ECF 34-2. Of those witnesses, two are located in this district; two are located in Delaware; and three are located in Colorado, Illinois, and Dallas. *Id.* The locations of the remaining witnesses are unknown to National Fire, but Defendant suggests the majority are in Delaware. *Id.*; Mot. 4. In addition, the cargo is located in Delaware. Mot. 3. As such, UPS Freight argues that counsel for both parties would have to travel to Delaware to inspect it. *Id.* at 7.

In opposition, Plaintiff contends that the location of the cargo is irrelevant because the parties need not inspect it to litigate this case. Opp'n 5. Plaintiff argues that UPS Freight's clean bill of lading can establish that UPS Freight received the cargo in good condition. Opp'n 4. Plaintiff also asserts that it can prove the cargo arrived at the destination in a damaged condition through the testimony of personnel from UPS Freight's San Leandro terminal or personnel from the intended recipient of the cargo, all of whom are located in this district. *Id.* In addition, National Fire claims that presenting witness testimony in deposition form during trial would mitigate the cost of bringing witnesses to this district. *Id.*

The Court finds National Fire's arguments unpersuasive. Plaintiff does not contest the accuracy of the facts upon which UPS Freight relies; instead, National Fire seeks to dictate how UPS Freight should present its defense to minimize the cost of litigating in this district. The Court is disinclined to dictate how a party litigates its case. And, the uncontested facts demonstrate that the cost of litigating this action in this district would be higher than litigating in the District of Delaware. Thus, this factor weighs in favor of transfer.

### vii. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Defendant argues that the relevant witnesses, documents, and the cargo itself are located in Delaware, and are therefore beyond the subpoena power of this Court. Mot. 7. National Fire, however, correctly asserts that deposition testimony can be compelled by this Court's nationwide subpoena power under Fed. R. Civ. P. 45. Opp'n 4. However, because the relevant documents and cargo, and at least some of the witnesses are located in Delaware, the process would be much simpler if this case were heard in the District of Delaware. Accordingly, this factor weighs in

1 favor of transfer.

### viii. Ease of Access to Sources of Proof

As previously discussed, many of the sources of proof—the cargo, witnesses, and documents—are located in Delaware. Thus, this factor weighs in favor of transfer.

## C. Interest of Justice

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal*, 805 F.2d at 843 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). UPS Freight makes four arguments as to how the interest of justice weighs in favor of transfer: First, this district hears significantly more cases than the District of Delaware. Mot. 7. Second, there is no local interest in this district—the insured is a Delaware company and the issue is one of federal law. *See* Mot. 8. Third, there are no conflict of law issues because this case is governed exclusively by federal law. *Id.* Finally, because there is no local interest in this case, it would be unfair to burden citizens in this district with jury duty. *Id.* In opposition, National Fire asserts that this motion is "not intended to serve the interests of justice. Instead, it is but another procedural attempt to avoid addressing the merits of this case." Opp'n 5.

As a preliminary matter, the Court finds National Fire's conclusory contention unconvincing. The Court also finds UPS Freight's first and fourth arguments unpersuasive. As to the former, Defendant concedes that the median time interval from filing to disposition of civil cases is shorter in this district despite the larger caseload. Mot. 7; Ex. R to Martin Decl., ECF 34-2. Accordingly, that this district hears more cases is unimportant. As to the latter, the parties have consented to a bench trial, and thus, no jury will be empaneled. Nevertheless, Defendant's remaining arguments persuade the Court that the interest of justice would be best served by transferring this case.

## III. ORDER

Because the majority of the convenience factors weighing in favor of transfer and because transfer would serve the interests of justice, the Court GRANTS Defendant's motion to transfer

venue to the District of Delaware pursuant to § 1404.

The Clerk shall transfer this action to the District of Delaware and close the file.

Dated: May 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge